```
_____ FILED   _____ LODGED
         _____ RECEIVED
         06/30/2021
   CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUMBERTO F. FLORES SERNA,<br><br>Defendant. | NO. 3:21-mj-05146<br><br>**COMPLAINT FOR VIOLATION**<br><br>Title 18, United States Code, Section 922(g)(5) |

Before Theresa L. Fricke, United States Magistrate Judge, U.S. Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

### Prohibited Person in Possession of a Firearm

On or about June 30, 2021, at Puyallup, Washington, in the Western District of Washington, HUMBERTO F. FLORES SERNA, knowing that he was an alien illegally or unlawfully in the United States, did knowingly possess in and affecting interstate and foreign commerce ammunition and a firearm, to wit: a Colt Gold Cup Trophy Model pistol bearing serial number GCT47864, which had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(5).

And the complainant states that this Complaint is based on the following information:

I, SHAWNA MCCANN, being first duly sworn on oath, depose and say:

## I. INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been employed with the FBI since September 2017. I am currently assigned to the Seattle Field Division where I am a member of the violent crime, gang, and Transnational Organized Crime – Western Hemisphere squad. In this capacity, I investigate, inter alia, violations of the Controlled Substance Act, Title 21, United States Code, Section 801 et seq., and related offenses. I have received specialized training in the enforcement and investigation of the Controlled Substance Act. I have received over 400 hours of classroom training including, but not limited to, drug identification, drug interdiction, money laundering techniques and schemes, smuggling, and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, manufacturing, and trafficking of controlled substances.

2. In my role as a Special Agent for the FBI, I have participated in narcotics investigations (e.g., heroin, cocaine, marijuana, and methamphetamine) that have resulted in the arrest of individuals and the seizure of illicit narcotics and/or narcotics-related evidence and the forfeiture of narcotics-related assets. I have been involved in the service of federal and state search warrants as part of these investigations. I have encountered and have become familiar with various tools, methods, trends, paraphernalia, and related articles utilized by various traffickers in their efforts to import, export, conceal, and distribute controlled substances. I am also familiar with the manner in which drug traffickers use telephones, often cellular telephones, to conduct their unlawful operations, and how they code their conversations to disguise their unlawful activities. I am also

familiar with the various methods of packaging, delivering, transferring, and laundering drug proceeds. Additionally, through my training and experience, I can identify illegal drugs by sight, odor, and texture.

3. I have also worked on drug investigations involving the use of court-authorized wiretaps under Title III. In that capacity, I have had the opportunity to monitor, listen to, and review transcripts and line sheets (prepared by linguists) documenting the content of hundreds of intercepted conversations involving the trafficking of cocaine, methamphetamine, heroin, and other narcotics, by persons who used some form of code to attempt to thwart law enforcement detection. I have also interviewed defendants at the time of their arrest and have debriefed, spoken with, and/or interviewed numerous drug dealers or confidential sources (informants) at proffer and field interviews who were experienced in speaking in coded conversation over the telephone. From these interviews, and also from discussions with other experienced agents, I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by drug traffickers in the course of their criminal activities, including their use of firearms to protect their narcotics-related activities and of cellular telephones and other electronic means to facilitate communications while avoiding law enforcement scrutiny.

4. I have written affidavits in support of court-authorized federal warrants and orders in the Western District of Washington for GPS tracking of telephones, Pen Register/Trap and Trace, and search warrants. Additionally, I have testified in grand jury proceedings, written investigative reports, and conducted and participated in numerous interviews of drug traffickers of various roles within drug organizations, which has provided me with a greater understanding of the methods by which drug trafficking organizations operate.

5. I am an investigative law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). As such, I am empowered to conduct investigations

1 of, and to make arrests for, violations of the Controlled Substance Act, Title 21, United
2 States Code, Section 801 *et seq.*, and related offenses.

3      6.       The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this Affidavit is submitted for the limited purpose of establishing probable cause to believe that Defendant committed the crime set forth herein, this document does not contain all of my knowledge of the larger investigation.

## II. PURPOSE OF AFFIDAVIT

     7.       This Affidavit is made in support of a Complaint against HUMBERTO F. FLORES SERNA for one count of *Prohibited Person in Possession of a Firearm*, in violation of Title 18, United States Code, Sections 922(g)(5).

## III. SUMMARY OF PROBABLE CAUSE

     8.       I, together with other agents and officers of the FBI, the Seattle Police Department (SPD), and other agencies have been conducting an investigation of a large Drug Trafficking Organization (DTO) which was believed to be distributing significant amounts of cocaine, crack cocaine, marijuana, and other controlled substances in the Western District of Washington.

     9.       On June 28, 2021, I applied for and obtained authorization to search a number of locations, vehicles, and individuals based on this investigation. Two of these warrants authorized the search of 1003 7th Avenue Southeast, #A, Puyallup, Washington, and the person of HUMBERTO F. FLORES SERNA, a resident at that location.

     10.       On June 30, 2021, law enforcement personnel executed these warrants, including at 1003 7th Avenue Southeast, #A, Puyallup, Washington. At the beginning of the warrant execution, investigators knocked and announced their presence. This

announcement was repeated with the use of an amplifier, and marked patrol cars on the scene activated their lights and sirens.

11. After waiting a reasonable time, investigators forced entry into the residence and began to clear it. One officer stood near the front door at the bottom of a staircase to the upper floors while other investigators checked the main floor for other occupants. As they did so, the investigators repeatedly announced themselves as police.

12. As investigators were completing clearing the first floor and preparing to go up to the second floor, HUMBERTO F. FLORES SERNA began to come down the stairs from the second floor. The officer standing at the bottom of the stairs observed that HUMBERTO F. FLORES SERNA had what appeared to be a handgun in each hand. That officer fired at HUMBERTO F. FLORES SERNA, hitting him in one of his legs. HUMBERTO F. FLORES SERNA fell backwards, dropping the two items in his hands. Officers promptly rendered aid to HUMBERTO F. FLORES SERNA and arranged for him to be transported to a local hospital for medical attention.

13. After the scene was cleared, investigators more closely observed the two apparent firearms. One was a black pellet gun that otherwise appeared to be a real firearm. The second was a firearm pursuant to federal law; it was a Colt Gold Cup Trophy Model pistol bearing serial number GCT47864. This firearm did not have a magazine inserted.

14. ATF Special Agent Catherine Cole, a recognized expert in the manufacture of firearms, has examined the Colt pistol. According to SA Cole, the Colt pistol meets the federal definition of a firearm, and it was not manufactured in the State of Washington. Therefore, because the pistol was recovered in this District, it was necessarily shipped or transported in interstate or foreign commerce.

15. The remainder of the residence was searched pursuant to the warrant. Investigators located a gun case for the Colt pistol along with two magazines in the closet in the main bedroom. In the same bedroom, investigators located HUMBERTO F.

*Complaint*/*U.S. v. Flores Serna* - 5

Complaint/*U.S. v. Flores Serna* - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

FLORES SERNA's wallet on a nightstand along with two cell phones; a third cell phone was on the other nightstand on the other side of the bed.

16. In the laundry room, investigators found a small box containing approximately one ounce of suspected cocaine, a scale, a spoon, and packaging material.

17. I had previously requested records from the Department of Homeland Security regarding HUMBERTO F. FLORES SERNA's status in this country. DHS provided records documenting that HUMBERTO F. FLORES SERNA is not legally in the United States.

## IV.   CONCLUSION

18. Based on the above facts, I respectfully submit that there is probable cause to believe that HUMBERTO F. FLORES SERNA did knowingly and intentionally commit the crime of *Prohibited Person in Possession of a Firearm*, in violation of Title 18, United States Code, Sections 922(g)(5).

_____
Shawna McCann, Complainant
Special Agent, FBI

Based on the Complaint and Affidavit, to which the above-named agent provided a sworn statement attesting to the truth of the contents of such, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this 30th day of June, 2021.

_____
The Honorable Theresa L. Fricke
United States Magistrate Judge

Complaint/*U.S. v. Flores Serna* - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970